IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CHARLES E. HOLLEMON, | Cause No. CV 21-90-BU-BMM |
| Petitioner, | |
| vs. | ORDER |
| JIM SALMONSEN, AUSTIN KNUDSEN, | |
| Respondents. | |

State pro se petitioner Charles Hollemon filed an application under 28 U.S.C. § 2254, seeking habeas corpus relief. (Doc. 1.) Mr. Hollemon was subsequently ordered to show cause as to why his petition should not be dismissed as time-barred and procedurally defaulted and was advised of the relevant legal standards. See, (Doc. 5.) Mr. Hollemon timely responded. (Doc. 7.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

1

As explained below, Mr. Hollemon's petition will be dismissed.

I.      **Motion for Counsel**

Mr. Hollemon requests counsel be appointed to represent him and explains he has difficulty understanding the Court's language. (Doc. 6.) There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or if an evidentiary hearing is required. See, Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. Counsel may be appointed at any stage of the proceedings if "the interests of justice so require." 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Under § 3006A, the court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se. *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

To date, Mr. Hollemon has been able to adequately present his claims and to respond to the narrow issues of timeliness and default. Accordingly, he has been able to protect his interests. Additionally, neither discovery nor an evidentiary hearing is warranted in this case. The Court appreciates that Mr. Hollemon, like many habeas petitioners, lacks legal training and resources. For this reason, the Court independently reviews each petition. Mr. Hollemon does not require counsel

as a matter of due process, and the Court declines to exercise its discretion to appoint counsel. The request for counsel will be denied.

## II.   Background

Following his guilty plea to Sexual Intercourse without Consent in Montana's Second Judicial District Butte Silverbow County, Mr. Hollemon was sentenced to the Montana State Prison for 50 years, with 25 of the years suspended. See, (Doc. 1 at 2-3.) Mr. Hollemon did not seek review of his sentence with the Montana Sentence Review Division, did not file a petition for postconviction relief, and did not seek state habeas corpus relief. *Id*. at 3-4. Mr. Hollemon asserts: (1) the district court and the State of Montana engaged in intimidation and malicious prosecution, including the court's refusal to accept a binding plea agreement, *id*. at 4, ¶ 13(A); and, (2) a denial of discovery and sufficient evidence. *Id*. at 5, ¶ 13(B).

Mr. Hollemon was advised that his petition was filed outside of the federal statute of limitations by nearly four years. (Doc. 5 at 2-3.) Additionally, he was informed that because he did not present or exhaust any of his present claims in the state court system, they now are procedurally defaulted. *Id*. at 4-6. Mr. Hollemon was instructed on the showings he would need to make to excuse both his untimeliness and default. *Id.* at 3-6.

In his response, Mr. Hollemon does not argue that he has new evidence to

3

prove that he is innocent of the offense of Sexual Intercourse without Consent and that no juror could find him guilty beyond a reasonable doubt. See e.g., *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Smith v. Baldwin*, 510 F.3d 1127, 1140 (9th Cir. 2007) (en banc). In fact, he seems to acknowledge that he engaged in some inappropriate acts with the minor victim. See, (Doc. 7 at 1.)[1] Mr. Hollemon instead provides an itemized list of property he asserts was stolen from him, including a pickup truck, and suggests that the victim of his offense was used as "bait" by her parents to set up Mr. Hollemon in order to steal his belongings. See, (Doc. 7 at 1-3); see also, (Doc. 7-1.) Mr. Hollemon also argues there was insufficient evidence to convict him and no physical examination was performed to establish the victim's hymen was broken. (Doc. 7 at 2-3, 4-5.) Mr. Hollemon claims he was intimidated into accepting a plea agreement by the potential of a life sentence. *Id*. at 3.

Mr. Hollemon believes his trial counsel provided inadequate assistance and did not perform a proper investigation. *Id*. at 4-5. He explains that he has limited legal knowledge and training and seems to indicate he was unaware of filing deadlines or his options for collateral review. *Id*. He notes that it was only recently that another inmate provided him legal assistance, including helping him

---

[1] Mr. Hollemon states: "[t]he young pretty girl would wear skintight clothes as to show off her body, she would come and set by Mr. Hollemon and [lean] on him and tease him into doing things he did not want to do, for he knew it is against the law to touch a minor."

4

file the present petition. *Id.* Mr. Hollemon states that this inmate made him aware of the recent Montana Supreme Court case, *State v. Tipton*, 497 P.3d 610 (Mont. 2021). Mr. Hollemon now claims that he, like *Tipton*, was charged under an inactive statute. *Id.* at 3-4; see also, (Doc. 8.)

### III. Analysis

Although Mr. Hollemon was provided an opportunity to demonstrate why his petition should not be dismissed as untimely and procedurally defaulted, he has failed to make an adequate showing. Accordingly, his petition will be dismissed.

#### i. Statute of Limitations

To the extent that Mr. Hollemon believes this Court should equitably toll the statute of limitations, see e.g., *Holland*, 560 U.S. at 649, due to his lack of legal training and knowledge, such an argument is unavailing. The Ninth Circuit instructs that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F. 3d 1150, 1154 (9th Cir. 2006); *see also Ford v. Pliler*, 590 F. 3d 782, 789 (9th Cir. 2009) (equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey v. Pacholke*, 556 F. 3d 1008, 1013 n. 4 (9th Cir. 2009) ("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling."). Thus, Mr. Hollemon has failed to show a basis which would entitle him to equitable tolling;

his claims remain untimely.

### ii. Procedural Default

Mr. Hollemon also appears to argue that his procedural default should be excused because there was insufficient evidence to convict him. As previously explained, a procedural default may be excused for a fundamental miscarriage of justice. See, *Cook v. Schriro,* 538 F. 3d 1000, 1028 (9th Cir. 2008). Such a showing is made when a petitioner can show that a constitutional violation probably caused the conviction of one innocent of the crime. *Smith v. Baldwin*, 510 F. 3d 1127, 1139 (9th Cir. 2007)(en banc). To be credible, however, "such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence- that was not presented at trial." *Schriro*, 538 F. 3d at 1028 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In the present case, Mr. Hollemon has presented no new evidence which would establish his actual innocence. Instead he provides a list of property and attempts to undermine the validity of the evidence that was presented during the course of his state proceedings. Such a showing is inadequate, however, for purposes of this Court's review.

To the extent that Mr. Hollemon attempts to rely upon the Montana Supreme Court's decision in *Tipton*, 497 P.3d 610, to excuse his procedural default, the

argument is also unavailing. In *Tipton*, the Court found trial counsel provided ineffective assistance by failing to challenge the statutory basis for one count of Indecent Exposure to a Minor because the statute upon which the charge was based did not go into effect until after one of the underlying incidents had occurred. *See Tipton*, 2021 MT 281, ¶¶ 17-21. Additionally, the Court determined Tipton's two convictions for Sexual Abuse of Children warranted reversal because an October 2017 amendment of the law was improperly applied to Tipton's pre-October 2017 conduct. *Id*. at ¶¶ 23-25. Tipton's convictions were reversed and the matter was remanded for further proceedings. *Id*. at ¶ 26.

    As a preliminary matter, it does not appear that Mr. Hollemon's case is analogous to *Tipton*. Moreover, the interpretation and application of state law, lies exclusively within the province of the state court. The Montana Supreme Court is the highest authority in the land—superior even to the United States Supreme Court—on the content and meaning of Montana law. See, e.g., *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993) ("There is no doubt that we are bound by a state court's construction of a state statute."). The interpretation of state law and statutes, including the potential application of *Tipton*, presents purely an issue of state law. Or, put another way, there exists no issue of federal law which would allow this Court's intervention. Moreover, this state law issue cannot be converted into one of federal

constitutional import simply by invoking a federal constitutional provision, such as due process. *Langford v. Day*, 110 F. 3d 1380, 1389 99th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997). Thus, Mr. Hollemon's reference to a recent state case does not serve to set aside any procedural bars in this Court. The claims remain procedurally defaulted.

### iii. Conclusion

The claims contained in Mr. Hollemon's petition are untimely and procedurally defaulted without excuse. Mr. Hollemon has not demonstrated a valid basis to excuse his late filing or to set aside the procedural default. Accordingly, this matter will be dismissed with prejudice.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of

reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Mr. Hollemon has not made a substantial showing that he was deprived of a constitutional right. He has failed to make a colorable claim of equitable tolling or demonstrate the existence of a fundamental miscarriage of justice necessary to set aside the procedural default. Accordingly, his is petition is both procedurally defaulted and time barred. Reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Mr. Hollemon's motion to appoint counsel (Doc. 6) is DENIED.

2. The Petition (Doc. 1) is DISMISSED with prejudice.

3. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

4. A certificate of appealability is DENIED.

DATED this 9th day of February, 2022.

*/s/ Brian Morris*
Brian Morris, Chief Judge
United States District Court